IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MYSTIC RETREAT MED SPA &        )
WEIGHT LOSS CENTER, and MISTY   )
SINCLAIR, M.D.,                 )
                                )
            Plaintiffs,         )
                                )
       v.                       )     1:21-cv-00515
                                )
ASCENTIUM CAPITAL LLC, ZELTIQ   )
AESTHETICS LLC, and ALLEGAN     )
USA, INC.,                      )
                                )
            Defendants.         )
```

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Before the court are two motions: Plaintiffs Mystic Retreat Med Spa & Weight Loss Center, PLLC, and Misty Sinclair, M.D., move for default against Defendant Ascentium Capital, LLC ("Ascentium") (Doc. 13), and Plaintiffs move to dismiss Ascentium's counterclaims for failure to state a claim based on Ascentium's alleged default (Doc. 17). Ascentium has responded, opposing the motion for default (Doc. 15) and motion to dismiss (Doc. 20). Plaintiffs have filed replies. (Docs. 18, 21.) For the reasons set forth below, Plaintiffs' motions will be denied.

I. BACKGROUND

According to the complaint, Defendants Zeltiq Aesthetics, LLC and Ascentium worked together to sell and finance the purchase of medical devices, which purportedly assisted with weight loss.

(Doc. 7 ¶ 8.) Plaintiffs purchased and financed a medical device from Defendants. (Id. ¶ 15.) Once demand for the medical device declined, Plaintiffs refused to make additional payments and sought to return the device and terminate the business relationship. (Id. ¶¶ 25-26.) Plaintiffs allege Ascentium took possession of the device but wrongfully demanded the balance due under the equipment financing agreements. (Id. ¶¶ 27, 31.)

On May 10, 2021, Plaintiffs filed their complaint against Defendants in The General Court of Justice, Superior Court Division, in Moore County, North Carolina. (Doc. 7.) Ascentium's counsel agreed to accept service of the complaint and filed an acceptance of service in state court on June 7th, 2021. (Doc. 1-1.) On June 23, Defendants Zeltiq Aesthetics, LLC and Allergan USA, Inc., with Ascentium's consent, timely filed a notice of removal in this court. (Doc. 1 ¶ 8.) Ascentium states it received a copy of the Notice of Filing of Notice of Removal via regular mail "on or about June 29th, 2021." (Doc. 15 ¶ 4.) On July 1, 2021, Ascentium's counsel filed his Notice of Attorney Appearance and Corporate Disclosure Statement in this court. (Docs. 10, 11.)

On July 7th at 9:27 a.m., Ascentium filed its answer, affirmative defenses, and counterclaims in this court. (Doc. 12.) Two hours later, at 11:33 a.m., Plaintiffs moved for default against Ascentium on the ground that Ascentium "failed to . . . respond to Plaintiffs' Complaint." (Doc. 13-1.)

2

On July 28, Plaintiffs moved to dismiss Ascentium's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6), based on claim preclusion, arguing that "Defendant Ascentium has defaulted by failing to timely respond to Plaintiffs' Complaint." (Doc. 17-1.)

## II. ANALYSIS

### A. Motion for Default

Federal Rule of Civil Procedure 55(a) provides that the "clerk must enter" a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." See 10 Moore's Federal Practice - Civil § 55.10[1] (2021) ("When the default is brought to the attention of the court, by affidavit or otherwise, the clerk must enter the default on the court's docket.") Although Rule 55 contemplates that the clerk enter default as a ministerial act, the district court also enjoys the inherent power to do so. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Once default is entered, the party may apply for a default judgment pursuant to Rule 55(b). If the "claim is for a sum certain or a sum that can be made certain by computation" and the other party "has been defaulted for not appearing and who is neither a minor nor an incompetent person," the clerk is required to enter a judgment at the party's request. Fed. R. Civ. P. 55(b)(1). Otherwise, "the

3

party must apply to the court for a default judgment" under Rule 55(b)(2).

As a general matter, the law disfavors resolution of claims by default. Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). There is a "strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits." Superior Performers, Inc. v. Thornton, No. 1:20-CV-00123, 2020 WL 6060978, at *2 (M.D.N.C. Oct. 14, 2020) (citing Reynolds Innovations, Inc. v. E-Cigarette Direct, LLC, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so the case may be heard on the merits." USF Ins. Co. v. Bullins Painting, Inc., No. 1:11CV410, 2012 WL 4462004, at *1 (M.D.N.C. Sept. 25, 2012) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)).

Plaintiffs argue that Ascentium failed to timely answer after the notice of removal was filed, entitling Plaintiffs to entry of default and subsequent default judgment pursuant to Rule 55. Ascentium responds that it timely filed its answer and counterclaims and, in any event, good cause exists not to enter default if the answer was untimely.

Federal Rule of Civil Procedure 81(c)(2)provides in pertinent part:

. . . A defendant who did not answer before removal must

answer or present other defenses or objections under these rules within the longest of these periods:

   (A) 21 days after receiving — through service or otherwise — a copy of the initial pleading stating the claim for relief;

   (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

   (C) 7 days after the notice of removal is filed.

Here, the latest would be the last option: 7 days after the notice of removal was filed. The removal notice, to which Ascentium consented, was filed on June 23, 2021. (Doc. 1.) Thus, Ascentium's response to the complaint was due seven days later on June 30. See Fed. R. Civ. P. 6(a)(1)(A) (directing to exclude the day that triggers the event). Its filing on July 7 was thus out of time.

    In arriving at their various positions, both Plaintiffs and Ascentium miscalculate the time period. Both contend that Federal Rule of Civil Procedure 6(d) adds three days to Ascentium's deadline for filing a response to the complaint because the notice of filing of removal was served via mail. This is incorrect. Rule 6(d)'s addition of three days for mailing only applies when a party's time is measured from the date of "service." By contrast, Rule 81(c) sets the party's time to respond as measured from the _filing_ of the notice. See 1 Moore's Federal Practice - Civil § 6.05[3] (2021) ("Service of a notice of an act . . . is irrelevant if the period runs from some act other than the service

5

itself.); cf. McCarty v. Astrue, 528 F.3d 541, 545 (7th Cir. 2008) (when attorney filed notice of appeal late, his belief that he had three additional days, after the "entry" of judgment, to file under Fed. R. Civ. P. 6(d) was "[a]n unaccountable lapse in basic legal knowledge" and did not constitute excusable neglect that would justify granting extension of time.)

Ascentium also contends that its time to respond to the complaint runs "from the date [counsel] actually received the Notice of Removal." (Doc. 15 at 3 (emphasis added).) This is also incorrect. Nothing in the rules provides for calculating the time from the receipt, and not filing, of the notice of removal, and Ascentium does not cite any authority for its position. Because Ascentium consented to the removal, it was duty-bound to know when the notice of removal was filed.

Even though it did not timely file its answer, Ascentium argues that good cause exists not to enter default. The court agrees.

Ordinarily, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the [non-moving] party, [5] whether there is a history of dilatory

6

action, and [6] the availability of sanctions less drastic." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citing Payne ex. Rel. Est. of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006)); see also United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Although a court has discretion whether to set aside an entry of default, there is a "strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits." Reynolds Innovations, 851 F. Supp. 2d at 962 (citing Colleton Preparatory, 616 F.3d at 417). As noted, hearing cases on the merits is preferred. USF Ins., 2012 WL 4462004, at *1. Although default has not yet been entered, these same factors are relevant to the question whether to enter default.

Here, Ascentium's answer alleges facts that provide for a meritorious defense. Further, Ascentium acted reasonably promptly. Indeed, its counsel filed a notice of appearance on July 1 (even though it was filed after Ascentium's answer was due the day before).[1] Davis v. Parkhill-Goodloe Co., 302 F.2d 489,

---

[1] To be sure, an appearance alone does not guarantee protection against entry of default. Rather, "[t]o avoid default, a party must either take steps to file a timely responsive 'pleading' . . . or take some action that indicates an intention to 'defend' the suit." James Moore, 10 Moore's Federal Practice - Civil § 55.11[2][b][ii] (2020). See Balboa Cap. Corp. v. New Image Dental Lab'y, Inc., No. 8:20-CV-00207-SB-DFM, 2021 WL 2670736, at *2 (C.D. Cal. May 28, 2021) ("[T]he entry of default does not turn on whether a party has appeared but instead on whether the party has failed to plead or otherwise defend.") (citation and internal quotation marks omitted); Sharma v. Big Limos MFG, LLC, No. 17 C 0021, 2017 WL 2779798, at *6 n. 9 (N.D. Ill. June 27, 2017) (rejecting argument

7

495 (5th Cir. 1962) (affirming district court's refusal to enter a default under Rule 55(a) when defendant's attorney filed an answer one day after the expiration of the extended time and his reason for doing so was a mistaken belief that a copy of the answer only needed to be sent to plaintiff's attorney within the prescribed time.) And Ascentium filed its answer on July 7 <u>before</u> Plaintiffs filed their motion for default, albeit by a few hours. Moreover, fault here appears to lie not with the party, and where the party is blameless and counsel may be at fault, "a default judgment should ordinarily be set aside." <u>Superior Performers</u>, 2020 WL 6060978, at *3 (quoting <u>August Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 811 (4th Cir. 1988)). As for prejudice, Plaintiffs have failed to demonstrate any, and apart from the delay in filing answer, there is no history of dilatory action in the case -- indeed, Ascentium accepted service of the complaint in state court, thus reducing Plaintiffs' service burden. While a cynic might say that no good deed goes unpunished,

---

that defendants' counsel's appearance alone is sufficient to moot Plaintiff's motion for default); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2020) ("The mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend, however.") An appearance is relevant to the issue of entry of a default judgment under Rule 55(b)(2). <u>See</u> <u>United States v. Smith</u>, 212 F.R.D. 480, 481 (M.D.N.C. 2002) (defendant filed an answer which, although untimely under Rule 12(a)(1), "exhibited [her] intent to defend the case and constitutes an appearance . . . thus, default judgment pursuant to Rule 55(b)(1) was not authorized.") (citation omitted).

8

a sanction of default is unwarranted here.[2]

The court therefore finds good cause not to enter default, and Plaintiffs' motion for default judgment will accordingly be denied.

**B.  Motion to Dismiss**

Plaintiffs also move to dismiss Ascentium's counterclaims.  A motion to dismiss pursuant to Rule 12(b)(6) is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The same rule applies to a motion to dismiss counterclaims.  E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011).

Plaintiffs' motion to dismiss Ascentium's counterclaims is premised solely on the contention that "Ascentium has defaulted." (Doc. 17-1.)  However, because the court has now denied Plaintiffs' motion for entry of default against Ascentium, this ground no

---

[2] In light of Ascentium's acceptance of service and counsel's notice of appearance, professional courtesy might suggest that a telephone call, rather than a default motion, would have been the preferred course here. For this reason, even though attorney fees are not requested, the court would not be inclined to award them.

9

longer exists.  Plaintiffs' motion to dismiss will therefore be denied without prejudice.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiffs' motion for default (Doc. 13) and motion to dismiss (Doc. 17) are DENIED.

                                       /s/   Thomas D. Schroeder
                                       United States District Judge

October 27, 2021