IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MYSTIC RETREAT MED SPA & WEIGHT LOSS CENTER, and MISTY SINCLAIR, M.D., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  1:21-cv-00515 ) |
| ASCENTIUM CAPITAL LLC, ZELTIQ AESTHETICS LLC, and ALLERGAN USA, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiffs Mystic Retreat Med Spa & Weight Loss Center, PLLC, ("Mystic") and Misty Sinclair, M.D., brought this action against Defendants Zeltiq Aesthetics, Inc. ("Zeltiq"),[1] Allergan USA, Inc. ("Allergan"), and Ascentium Capital, LLC ("Ascentium") via a complaint in the General Court of Justice, Superior Court Division, in Moore County, North Carolina. (Doc. 7.) On June 23, Zeltiq and Allergan, with Ascentium's consent, timely filed a notice of removal in this court based on diversity of citizenship of the parties. (Doc. 1 ¶ 8.) The parties have since filed several motions before the court. (Docs. 28, 29, 38, 40, 46, 49, 51.) However, it is apparent that the removal notice does not fully state the proper information for assessing whether the court has

---

[1] Zeltiq states that it is incorrectly named in Plaintiffs' complaint and Zeltiq's answer as a limited liability company. (See Doc. 28-1.)

subject matter jurisdiction over the case. Namely, as explained below, the citizenship of limited liability companies depends on the citizenship of their members, not their place of incorporation or principle place of business.

Congress permits federal courts to adjudicate civil lawsuits involving more than $75,000[2] brought between citizens of different states, between U.S. and foreign citizens, or by foreign states against U.S. citizens. 28 U.S.C. § 1332(a). There must be "complete diversity" — that is, no plaintiff may be from the same state as any defendant. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553–54 (2005) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).

While Congress permits cases filed in state courts to be removed to federal courts when the parties are diverse, 28 U.S.C. 1441(a), complete diversity must have existed at the time of the filing of the state-court complaint and at the time of removal. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571, 574 (2004). Because actions that are removed from state courts to federal courts "raise[] significant federalism concerns," removal jurisdiction is "strictly construe[d]."

---

[2] The parties do not contest Plaintiffs' demand for more than $75,000 (Doc. 1 ¶ 7; Doc. 7 ¶¶ 36, 40, 60, 63). See Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006) ("When the complaint includes a number [specifying the demand for damages], it controls unless recovering that amount would be legally impossible." (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938))).

2

Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (citation omitted). Ultimately, the burden of demonstrating subject matter jurisdiction is on the party seeking to litigate in federal court. Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017). If the basis for federal jurisdiction "is doubtful, a remand [to state court] is necessary." BP P.L.C., 31 F.4th at 197 (citation omitted).

Generally, a party seeking a remand to state court must bring procedural objections within 30 days of removal. 28 U.S.C. § 1447(c). However, challenges to a federal court's subject matter jurisdiction may be raised at any time, and the court has an independent duty to assess whether it may adjudicate a dispute. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 175 n.2 (4th Cir. 2007). The key question for subject matter jurisdiction in diversity cases is the citizenship of the litigants. See Scott v. Cricket Communications, LLC, 865 F.3d 189, 195 (4th Cir. 2017) (distinguishing "citizenship" and "domicile" from an individual's "residence" when assessing diversity jurisdiction). Although corporations are citizens of the state (or country) in which they are incorporated and have their principal place of business, see 28 U.S.C. § 1332(c)(1), the citizenship of an unincorporated association is determined by the citizenship of its individual members, Americold Realty Trust v. Conagra Foods, Inc., 577 U.S.

3

378, 381 (2016). The end result is that "every association of a common-law jurisdiction other than a corporation is to be treated like a partnership." Indiana Gas Co. v. Home Insurance Co., 141 F.3d 314, 317 (7th Cir. 1998) (citing Carden v. Arkoma Associates, 494 U.S. 185, 190 (1990)). Thus, a limited liability company's "citizenship is that of its members." General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); see also GMAC Commercial Credit LLC v. Dillard Department Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that "an LLC's citizenship is that of its members for diversity jurisdiction purposes"); Qin v. Deslongchamps, 31 F.4th 576, 579 (7th Cir. 2022) ("[I]n contrast to a corporation, which is a citizen of its state of incorporation and the state where it maintains its principal place of business (two states at most), an LLC can be a citizen of many states." (citations omitted)).

In this case, Mystic and Ascentium are limited liability companies whose citizenship is based on the citizenship of their members. See Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009) ("The notice of removal therefore gave two pieces of irrelevant information about Aurora (the state of its principal place of business and that it was a Delaware company) while failing to provide the information critical to determining its citizenship: the citizenship of its members."). However, the notice of removal fails to allege the citizenship of any of

4

Mystic's or Ascentium's members.  The notice only provides that Mystic is "a North Carolina professional limited liability company with its principal place of business in Moore County, North Carolina" and Ascentium is "a foreign compan[y] organized and existing under the laws of the State of Delaware" with its "principal place of business [in] Seattle, Washington."  (Doc. 1 ¶ 6.)  Of course, since each is a limited liability company, each is a citizen of the states or countries where its various members are citizens, General Technology, 388 F.3d at 121, the absence of this information renders this allegation insufficient for determining whether there is complete diversity.  Accordingly, the notice of removal, as it now stands, fails to demonstrate that this court has subject matter jurisdiction over the parties' dispute.

Generally, where federal jurisdiction is doubtful, the case should be remanded to the state court.  BP P.L.C., 31 F.4th at 197 (citation omitted).  Congress, however, permits "[d]efective allegations of jurisdiction [to] be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  "Courts have interpreted 28 U.S.C. § 1653 as permitting parties to amend defective pleading allegations at any time, so long as the original removal was timely and the proposed amendment corrects a merely technical defect."  Meyn America, LLC v. Omtron USA LLC, 856 F. Supp. 2d 728, 733 (M.D.N.C. 2012) (quoting Scholl v. Sagon RV

5

Supercenter, LLC, 249 F.R.D. 230, 235 (W.D.N.C. 2008)). Mere technical defects include "a removal notice that was timely filed and which asserted diversity jurisdiction, but which inadvertently left out the citizenship of one of the parties." Id. "Similarly, alleging the wrong information about a limited liability company (i.e., that it was organized under Virginia law and headquartered in Norfolk) constitutes a defective allegation that may be properly amended." Id. (citation omitted).

Here, Zeltiq and Allergan filed a timely notice of removal. See 28 U.S.C. § 1446(b). The notice alleged that the "action is removable because there is diversity of citizenship" between the parties. (Doc. 1 ¶ 6.) The notice also alleged that diversity is "complete." (Id.) Of course, this determination appears to have been made applying the wrong analysis. Zeltiq and Allergan alleged the incorrect information about Mystic and Ascentium (i.e., the place where each is organized and operated rather than the citizenship of its members). Such information to establish a basis for federal jurisdiction can therefore be provided by technical amendment.[3] See Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's, No. CV 22-973, 2022 WL 2208206, at *4

---

[3] For an amendment to be technical, there should be no factual dispute about the citizenship of a limited liability company's members. Meyn America, 856 F. Supp. 2d at 734 n.7. No party has disputed Zeltiq and Allergan's representation that Mystic is a citizen of North Carolina and Ascentium is a citizen of Delaware and Washington.

6

(E.D. La. June 21, 2022) (permitting an amended notice of removal so that defendants would have an opportunity to demonstrate that diversity of citizenship existed); Gomez v. Francis Wholesale Co., No. 22-CV-0442 SMV/GBW, 2022 WL 2131119, at *2 (D.N.M. June 14, 2022) (same); Meyn America, 856 F. Supp. 2d at 734 (same); cf. Nutter v. New Rents, Inc., 945 F.2d 398 (4th Cir. 1991) (unpublished) ("'[J]urisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon the . . . choice of verbiage.'" (second alteration in original) (quoting Goforth v. Allstate Insurance Co., 213 F.Supp. 595 (W.D.N.C. 1963))).[4]

Accordingly, Zeltiq and Allergan shall have twenty (20) days within which to file an amended notice of removal to allege sufficient facts to establish this court's subject matter jurisdiction. Failure to file an amended notice of removal may result in the remand of this case to its original state court forum.

If Zeltiq and Allergan choose to file an amended notice of removal, a word of caution is appropriate. Because the proper method of determining a limited liability company's citizenship is to evaluate the citizenship of its members, Zeltiq and Allergan

---

[4] While the Fourth Circuit does not accord precedential value to its unpublished opinions, it has noted that "they are entitled only to the weight they generate by the persuasiveness of their reasoning." See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted).

must identify Mystic's and Ascentium's specific members and their citizenship. If one or more of Mystic's or Ascentium's members is, itself, a limited liability company or a partnership, Zeltiq and Allergan must identify the members of those entities as well. See, e.g., Meyn America, 856 F. Supp. 2d at 734-35 (citing Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement [under a Seventh Circuit rule] must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.")). Only then will the court be able to assess its jurisdiction.

For the reasons stated,

IT IS THEREFORE ORDERED that Zeltiq and Allergan may file an amended notice of removal demonstrating this court's subject matter jurisdiction consistent with and within twenty (20) days of this Memorandum Order. Failure to file an amended notice of removal may result in the remand of this case to its original state court forum.

/s/   Thomas D. Schroeder
United States District Judge

June 30, 2022