IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MYSTIC RETREAT MED SPA & WEIGHT LOSS CENTER, and MISTY SINCLAIR, M.D., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:21-cv-00515 ) |
| ASCENTIUM CAPITAL LLC, ZELTIQ AESTHETICS LLC, and ALLERGAN USA, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

This case is before the court on consideration of Plaintiffs' motion to remand. (Doc. 62.) For the reasons below, the motion will be denied without prejudice.

## I. BACKGROUND

Plaintiffs Mystic Retreat Med Spa & Weight Loss Center, PLLC, ("Mystic") and Misty Sinclair, M.D., brought this action against Defendants Zeltiq Aesthetics, Inc. ("Zeltiq"),[1] Allergan USA, Inc. ("Allergan") (collectively "the Allergan Defendants"), and Ascentium Capital, LLC ("Ascentium") via a complaint in the General Court of Justice, Superior Court Division, in Moore County, North Carolina. (Doc. 7.) On June 23, 2021, the Allergan Defendants,

---

[1] Zeltiq states that it is incorrectly named in Plaintiffs' complaint and in Zeltiq's answer as a limited liability company. (See Doc. 28-1.)

with Ascentium's consent, timely filed a notice of removal in this court based on diversity of citizenship of the parties. (Doc. 1 ¶ 8.)  The notice asserted that Mystic was a North Carolina citizen, Sinclair was a North Carolina resident, and Defendants were citizens of other states. (Doc. 1 ¶ 6.)

The parties thereafter filed several motions in the case. (Docs. 28, 29, 38, 40, 46, 49, 51, 59.)  However, the court determined that the removal notice failed to fully state the proper information for assessing whether the court has subject matter jurisdiction over the case. (Doc. 57.) Accordingly, the court ordered that unless the Allergan Defendants filed an amended notice of removal demonstrating this court's subject matter jurisdiction, the action would be subject to remand. (Id.) See Meyn America, LLC v. Omtron USA LLC, 856 F. Supp. 2d 728, 733 (M.D.N.C. 2012) (permitting amendment of removal notice for technical defect of failing to include proper citizenship information for limited liability company) (quoting Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 235 (W.D.N.C. 2008)).

The Allergan Defendants filed an amended notice of removal on July 11, 2022. (Doc. 61.) In it, they provided facts demonstrating that Ascentium's members were citizens of Alabama and asserted that Mystic's members are citizens of North Carolina. In specific, the Allergan Defendants stated "[u]pon information and belief and according to Mystic's Articles of Organization,

2

Plaintiffs' Initial Disclosures, and Dr. Sinclair's Declaration, Mystic's members are Misty Sinclair and Marcia Ballard" and that "Dr. Sinclair and Ms. Ballard are residents and citizens of North Carolina," thus "Mystic is a citizen of North Carolina."[2]  (Id. ¶ 7.)  This information, if true, would support this court's subject matter jurisdiction.

In response, Plaintiffs filed a motion to remand this action to state court (Doc. 62), arguing that the Allergan Defendants cannot "shift their responsibility" to "allege in detail all facts necessary to support diversity jurisdiction" by "rely[ing] on facts alleged on information and belief" (Doc. 63 at 3; see Doc. 62 ¶¶ 3-4).  Without requesting leave from the court, the Allergan Defendants filed a "Second Amended Notice of Removal" on July 14, 2022.  In it, they changed their allegation of Allergan's principal place of business from New Jersey to Illinois (which would not jeopardize a finding of diversity jurisdiction), and they removed their previous pleading of Mystic's citizenship as "upon information and belief."  (Doc. 65.)  On July 18, the Allergan Defendants filed a response in opposition to Plaintiffs' motion to remand.  (Doc. 66.)  The next day, Plaintiffs filed a reply to the motion to remand (Doc. 67), and the Allergan Defendants filed a

---

[2] The Allergan Defendants claim that "Plaintiffs' counsel has chosen not to voluntarily provide membership and citizenship information for Mystic despite repeated requests."  (Doc. 61 ¶ 7 n.2; Doc. 65 ¶ 7 n.2.)

3

"Third Amended Notice of Removal" (Doc. 68), again without requesting leave from the court. In their "Third Amended Notice of Removal," the Allergan Defendants removed the phrase "upon information and belief" from a summary paragraph. (See id. ¶ 13.)

## II. ANALYSIS

Congress permits federal courts to adjudicate civil lawsuits involving more than $75,000[3] brought between citizens of different states, between U.S. and foreign citizens, or by foreign states against U.S. citizens. 28 U.S.C. § 1332(a). There must be "complete diversity" — that is, no plaintiff may be from the same state as any defendant. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553-54 (2005) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). For the purposes of diversity jurisdiction, a limited liability company's "citizenship is that of its members." General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004).

While Congress permits cases filed in state courts to be removed to federal courts when the parties are diverse, 28 U.S.C. § 1441(a), complete diversity must have existed at the time of the filing of the state-court complaint and at the time of

---

[3] The parties do not contest Plaintiffs' demand for more than $75,000 (Doc. 1 ¶ 7; Doc. 7 ¶¶ 36, 40, 60, 63). See Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006) ("When the complaint includes a number [specifying the demand for damages], it controls unless recovering that amount would be legally impossible." (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938))).

4

removal.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571, 574 (2004).  Title 28 U.S.C. § 1446(a) requires that a notice of removal "contain[] a short and plain statement of the grounds for removal[,]" which the Fourth Circuit has described as "deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199-200 (4th Cir. 2008) (concluding "that it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint").  Because actions that are removed from state courts to federal courts "raise[] significant federalism concerns," removal jurisdiction is "strictly construe[d]."  Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (citation omitted). Ultimately, the party seeking to litigate in federal court "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse."  Zoroastrian Center & Darb-E-Mehr of Metropolitan Washington, D.C. v. Rustam Guiv Foundation of New York, 822 F.3d 739, 748 (4th Cir. 2016) (citing Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)).  If the basis for federal jurisdiction "is doubtful, a remand [to state court] is necessary."  BP P.L.C., 31 F.4th at 197 (citation omitted).

5

Generally, a party seeking a remand to state court must bring procedural objections within 30 days of removal. 28 U.S.C. § 1447(c). However, challenges to a federal court's subject matter jurisdiction may be raised at any time, and the court has an independent duty to assess whether it may adjudicate a dispute. 28 U.S.C. § 1447(c); Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 175 n.2 (4th Cir. 2007). The key question for subject matter jurisdiction in diversity cases is frequently the citizenship of the litigants. See Scott v. Cricket Communications, LLC, 865 F.3d 189, 195 (4th Cir. 2017) (distinguishing "citizenship" and "domicile" from an individual's "residence" when assessing diversity jurisdiction).

As the standard for determining subject matter jurisdiction for an action originally filed in federal court – Rule 8(a) – parallels that for a notice of removal, cases involving originally filed actions are instructive. See Ellenburg, 519 F.3d at 200 (holding that "a removing party's notice of removal sufficiently establish[es] jurisdictional grounds for removal by making jurisdictional allegations in the same manner" as a plaintiff's complaint). The Fourth Circuit has recognized that a challenge to subject matter jurisdiction may proceed "in one of two ways[:]" either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter

6

jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint are not true." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); Beck v. McDonald, 848 F.3d 262, 270 (4th Cir. 2017) (same). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.; see also Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Conversely, if a party brings a factual challenge, "a trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." Kerns, 585 F.3d at 192 (emphasis omitted) (citation omitted).

Where a party challenges the sufficiency — not the truth — of a plaintiff's allegations, they are assumed to be true, and "the plaintiff, in effect, is afforded the same procedural protection as he would receive" on a motion to dismiss "under . . . Rule 12(b)(6)." Id. (citation omitted); see Strawn v. AT & T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008) (explaining that "a defendant filing a notice of removal . . . need only *allege* federal jurisdiction with a short plain statement — just as federal jurisdiction is pleaded in a complaint" (emphasis in original) (citing Ellenburg, 519 F.3d at 200 (holding that the burden "is no

7

greater than is required to establish federal jurisdiction as alleged in a complaint"))). Accordingly, the court may consider evidence outside the pleadings. Richmond, Fredericksburg & Potomac Railroad Co. v. United States, 945 F.2d 765 (4th Cir. 1991); cf. Phillips v. Pitt County Memorial Hospital, 572 F.3d 176 (4th Cir. 2009) (explaining that the court may consider documents outside of the pleadings, "so long as they are integral to the complaint and authentic"). Here, Plaintiffs have not challenged the authenticity of any of the attachments to the Allergan Defendants' amended notices of removal.

Generally, conclusory allegations based solely "upon information and belief" are "insufficient to defeat a motion to dismiss." Harman v. Unisys Corp., 356 F. App'x 638, 640–41 (4th Cir. 2009) (unpublished) (noting that "conclusory allegations" which merely "assume [a fact entitling plaintiff to relief] . . . 'upon information and belief'" are "insufficient to defeat a motion to dismiss" (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (finding a complaint insufficient even though it stated, "Plaintiffs allege *upon information and belief* that [defendants] have entered into a contract, combination or conspiracy to prevent competitive entry . . . ." (emphasis added))));[4] In re Darvocet, Darvon, & Propoxyphene Products

---

[4] While the Fourth Circuit does not accord precedential value to its unpublished opinions, it has noted that "they are entitled only to the

8

Liability Litigation, 756 F.3d 917, 931 (6th Cir. 2014) (stating that "a complaint must plead 'facts' that create a 'plausible inference' of wrongdoing" and that "[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true." (quoting Ashcroft v. Iqbal, 556 U.S. 662, 682 (2009))); see also Iqbal, 556 U.S. at 678 (noting that "the pleading standard Rule 8 announces does not require detailed factual allegations" but demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" (citations omitted)). However, "the *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citation omitted); Innova Hospital San Antonio, Limited Partnership v. Blue Cross & Blue Shield of Georgia, Inc., 892 F.3d 719, 730 (5th Cir. 2018) (same); see also Kareem v. Haspel, 986 F.3d 859, 866 (D.C. Cir. 2021) (recognizing that "pleadings on information and belief are

---

weight they generate by the persuasiveness of their reasoning." See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted).

permitted when the necessary information lies within defendants' control" but requiring that such allegations "be accompanied by a statement of the facts upon which the allegations are based." (citations omitted)); Menard v. CSX Transportation, Inc., 698 F.3d 40, 45-46 (1st Cir. 2012) (vacating district court's dismissal for failure to state a claim and remanding to provide plaintiff an opportunity to disclose underlying facts of seemingly speculative allegation based on "information and belief"). As the Second Circuit Court of Appeals put it:

> A litigant cannot merely plop "upon information and belief" in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.

Citizens United v. Schneiderman, 882 F.3d 374, 384-85 (2d Cir. 2018) (citation omitted)).

In this case, Plaintiffs argue that the Allergan Defendants' amended notice of removal is "insufficient on its face" to support subject matter jurisdiction because it pleads Mystic's members' citizenship "upon information and belief." (Doc. 62 ¶ 3.) Though this issue could be mooted by consideration of the second and third amended notices of removal, which removed this limitation, there is a question whether they are properly before the court as the Allergan Defendants did not seek leave to file them. See, e.g.,

10

Bordelon Marine, L.L.C. v. Bibby Subsea Rov, L.L.C., 685 F. App'x 330, 336 n.6 (5th Cir. 2017) (unpublished) (discussing pending motion for leave to file second amended notice of removal); Gibson v. Liberty Insurance Corp., No. 3:16-CV-3099-B, 2017 WL 3268028 (N.D. Tex. July 31, 2017) (motion to strike amended notice of removal); In re Asbestos Products Liability Litigation (No. VI), No. MDL 875, 2010 WL 11553167, at *1 n.1 (E.D. Pa. June 24, 2010) (discussing grant of leave to file second amended notice of removal); Kahle v. NovaGold Resources, Inc., No. 2:09-CV-0007-JWS, 2009 WL 5068631, at *1-2 (D. Alaska Dec. 17, 2009) (same). In the end it does not matter. That is because the Allergan Defendants are correct that their amended notice of removal sufficiently alleges subject matter jurisdiction.

The amended notice of removal alleges that Mystic is a North Carolina citizen "[u]pon information and belief and according to Mystic's Articles of Organization, Plaintiffs' Initial Disclosures, and Dr. Sinclair's Declaration." (Doc. 61 ¶ 7 (emphasis added); see Docs. 61-1, 61-2, 34-1.) Mystic's "Articles of Organization" lists the sole "Member & Organizer" as Sinclair and the "registered agent" as Ballard. (Doc. 61-1.) The Allergan Defendants allege Sinclair and Ballard are North Carolina citizens based on their declarations. (Doc. 61 ¶ 7; see Doc. 34-1 ¶ 1; Doc. 34-2 ¶ 1.) Accordingly, the Allergan Defendants have sufficiently alleged that Mystic is a North Carolina citizen.

11

Plaintiffs do not challenge the authenticity, credibility, or sufficiency of the Allergan Defendants' evidence. They merely challenge the Allergan Defendants' proffer "on information and belief." (E.g., Doc. 62 ¶ 3.) Section 1446(a)'s requirement is only that a notice of removal "contain[] a short and plain statement of the grounds for removal," which is "deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure," Ellenburg, 519 F.3d at 199, and "does not prevent a [party] from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the [other party], or where the belief is based on factual information that makes the inference of culpability plausible," Arista, 604 F.3d at 120 (emphasis added) (citation omitted); Innova Hospital, 892 F.3d at 730 (same); see also Kareem, 986 F.3d at 866. In other words, the Allergan Defendants' reliance of "on information or belief" allegations, in combination with other evidence, does not leave the presence of federal jurisdiction "doubtful" such that "a remand [to state court] is necessary." BP P.L.C., 31 F.4th at 197 (citation omitted); see Ellenburg, 519 F.3d at 194 (holding that a district court's remanding of an action because the greater than $75,000 value of damages allegation in the notice of removal was based "upon information and belief" constituted reversible error); but see SunTrust Bank v. Village at Fair Oaks Owner, LLC, 766 F. Supp.

12

2d 686, 693 (E.D. Va. 2011) (collecting contrary cases from other circuits).

Though Plaintiffs never objected to removal at the outset, Plaintiffs now hint at a factual challenge to subject matter jurisdiction. (See Doc. 62 ¶¶ 4-5 (arguing that the Allergan Defendants "bear[] the burden of conclusively establishing" federal jurisdiction, but "have failed to provide a sufficient basis for the Court"); Doc. 63 at 4-5 (arguing against the granting of post-removal discovery as "[p]arties are expected to have a solid basis for removal, developed through state court discovery if needed, prior to attempting to invoke federal jurisdiction" (emphasis omitted)).) They also argue that the Allergan Defendants are seeking to impermissibly shift the burden to Plaintiffs to disprove jurisdiction. (Doc. 67 at 1.)

It is true that a removing defendant must demonstrate subject matter jurisdiction "by a preponderance of the evidence." Zoroastrian, 822 F.3d at 748. But while Plaintiffs have "offered no contradictory evidence," i.e., that Mystic's members are not North Carolina citizens, see id. at 750, there is no burden shifting occurring at this stage. The present issue is whether the Allergan Defendants have sufficiently alleged jurisdiction, which they have. Given the "significant federalism concerns" raised by a removed action, BP P.L.C., 31 F.4th at 197, however, the motion to remand will be denied without prejudice to allow

13

Plaintiffs an opportunity to indicate whether they intend to raise a factual challenge to this court's exercise of subject matter jurisdiction. If Plaintiffs choose to do so, and because Plaintiffs should know whether such can be raised as the information as to the citizenship of Sinclair and Mystic's members is readily known to them, Plaintiffs will be permitted seven days within which to file such challenge; the court will then consider whether it will be necessary to hold "an evidentiary hearing [to] determine if there are facts to support the jurisdictional allegations." Kerns, 585 F.3d at 192 (emphasis omitted) (citation omitted). Otherwise, the court will turn to addressing the other motions pending in the case.

## III. CONCLUSION

For the reasons stated, the court finds that the Allergan Defendants have met their burden of alleging this court's subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiffs' motion to remand (Doc. 62) is DENIED WITHOUT PREJUDICE and that after seven days following the issuance of this order the court will address the other pending motions unless within that time Plaintiffs file a notice that they intend to challenge this court's subject matter jurisdiction.

/s/ Thomas D. Schroeder<br>United States District Judge

July 19, 2022

14

Case 1:21-cv-00515-TDS-JLW   Document 69   Filed 07/20/22   Page 14 of 14