IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MYSTIC RETREAT MED SPA & WEIGHT LOSS CENTER, and MISTY SINCLAIR, M.D., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:21-cv-00515 ) |
| ASCENTIUM CAPITAL LLC, ZELTIQ AESTHETICS LLC, and ALLERGAN USA, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

This is an action involving a contract for "CoolSculpting" weight loss equipment that uses cold temperatures to kill fat cells in an effort to improve one's appearance. Plaintiffs Mystic Retreat Med Spa & Weight Loss Center, PLLC, ("Mystic") and Misty Sinclair, M.D., move for leave to file an amended complaint. (Doc. 46.) Defendants Zeltiq Aesthetics, Inc. ("Zeltiq") and Allergan USA, Inc. ("Allergan") (collectively, the "Allergan Defendants") filed a response. (Doc. 47.) Defendant Ascentium Capital, LLC ("Ascentium") did not file a response. Plaintiffs filed a reply (Doc. 48), attaching a "Revised Proposed Amended Complaint" (Doc. 48-1). In response, the Allergan Defendants moved for leave to file a surreply. (Docs. 49, 49-1.) Plaintiffs have responded in opposition. (Doc. 50.)

For the reasons set forth below, Plaintiffs' motion to amend (Doc. 46) will be denied and the Allergan Defendants' motion for leave to file a surreply (Doc. 49) will be denied as moot.

I. BACKGROUND

The basic facts, as relevant to the motions before the court, are as follows:

Zeltiq sold, and Ascentium financed, the purchase of medical devices designed to assist with weight loss. (Doc. 7 ¶ 8.) On June 22, 2016, Sinclair and her business partner, Marcia Ballard, met with Wes Lev, Zeltiq's sales manager, to execute a Master Sales Agreement ("MSA") with Zeltiq[1] for Mystic's purchase of CoolSculpting System equipment and services. (Doc. 29-3.) Lev presented, and Sinclair and Ballard signed, a single-page MSA Sales Order.[2] (Doc. 29-3, Doc. 34-1 ¶ 13, Doc. 34-2 ¶ 12.)

As demand for the CoolSculpting System declined, Plaintiffs refused to make additional payments to Defendants and sought to return the device and terminate the business relationship. (Doc. 7 ¶¶ 25-26.) Plaintiffs allege Ascentium took possession of the device but wrongfully demanded the balance due under the

---

[1] Allergan USA, Inc. acquired Zeltiq in 2017. (Doc. 16 ¶ 5.)

[2] The parties dispute whether additional terms to the MSA (including a provision mandating arbitration of disputes) were incorporated by reference based on attachments that the Allergan Defendants maintain were emailed to Plaintiffs before the execution of the MSA. (See Doc. 73 (memorandum opinion and order denying motion to compel arbitration without prejudice).)

equipment financing agreements.  (Id. ¶¶ 27, 31.)

On May 10, 2021, Plaintiffs filed their complaint against Defendants in The General Court of Justice, Superior Court Division, in Moore County, North Carolina.  (Doc. 7.)  Ascentium's counsel accepted service of the complaint on June 7, 2021 (Doc. 1-1 at 15), and on June 23 the Allergan Defendants, with Ascentium's consent, timely filed a notice of removal in this court.  (Doc. 1 ¶ 8.)  On March 15, 2022, the final day the court's scheduling order permitted motions to amend pleadings (Doc. 31), Plaintiffs moved for leave to file an amended complaint (Doc. 46) to add factual allegations and a claim for breach of fiduciary duty against the Allergan Defendants (Doc. 46-1).  After the Allergan Defendants responded and challenged the adequacy of the proposed amended complaint, Plaintiffs attached a "Revised Proposed Amended Complaint" to their reply brief.  (Doc. 48-1.)  This prompted the Allergan Defendants to seek leave to file a surreply in response.  (Doc. 49.)[3]

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend a complaint once as a matter of course within 21 days

---

[3] Because Ascentium did not oppose Plaintiffs' motion to amend, Plaintiffs requested that the court "deem Ascentium's right to contest Plaintiffs' Motion to be waived."  (Doc. 48 at 2 n.1.)  However, on August 5, 2022, Plaintiffs notified the court that they settled their claims against Ascentium.  (Doc. 74; Doc. 80.)

3

after the earlier of (1) service of a responsive pleading or (2) service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). After that period, a party may amend only with either the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(1)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court"). While district courts have discretion to grant or deny a motion to amend, the Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citation omitted); Foman, 371 U.S. at 182 (same).

"[I]f the proposed change advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (citing Charles A. Wright & Arthur Miller, Fed. Prac. & Proc.: Civil, § 1487, at 637 (1991)) (alterations adopted); see Joyner v. Abbott Labs, 674 F. Supp. 185, 190 (E.D.N.C. 1987) (same). "To determine whether a proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim." Amaya v. DGS Construction, LLC,

4

326 F.R.D. 439, 451 (D. Md. 2018) (citing Katyle v. Penn National Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011)). Thus, "[a] motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" Pugh v. McDonald, 266 F. Supp. 3d 864, 866 (M.D.N.C. 2017) (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-moving party's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

Rule 12(b)(6) and Rule 15 should be balanced against Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6), and thus

5

Rule 15, protect against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 545, 570 (2007); see Iqbal, 556 U.S. at 678 (2009). When considering whether a Rule 15 motion to amend is futile, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

### B. Motion to Amend

#### 1. Proposed amended complaint

Plaintiffs move to amend their complaint to add a claim for breach of fiduciary duty arising from an alleged partnership agreement. (Doc. 46; Doc. 46-1 ¶¶ 68-73.) The Allergan Defendants argue that Plaintiffs' new claim is futile because the amended complaint does not sufficiently plead the existence of a partnership. (Doc. 47 at 5-9.) The Allergan Defendants also contend that Plaintiffs' request to file an amended complaint, 309 days after their original complaint, is "unduly delayed."[4] (Id. at 9-10.) In reply, Plaintiffs argue that their partnership allegation satisfies the requirements of notice pleading. (Doc.

---

[4] The Allergan Defendants further maintain that amendment is precluded by their motion to compel arbitration pursuant to an arbitration clause in the MSA. (Doc. 47 at 4-5.) However, the court has denied without prejudice the Allergan Defendants' motion to compel arbitration. (Doc. 73.)

6

48 at 8-11.) Additionally, Plaintiffs argue that their motion for leave to amend is not untimely because it was filed on the last day the court's scheduling order expressly permits amended pleadings. (Id. at 11-12; see Doc. 31.)

The North Carolina Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. § 59-36. A partnership is also described as

> a combination of two or more persons of their property, effects, labor, or skill in a common business or venture, under an agreement to share the profits or losses in equal or specified proportions, and constituting each member as an agent of the others in matters appertaining to the partnership and within the scope of its business.

Zickgraf Hardwood Co. v. Seay, 298 S.E.2d 208, 211 (N.C. Ct. App. 1982). A partnership does not require an express agreement; a *de facto* partnership may be inferred by the parties' conduct and an examination of all the facts and circumstances. Best Cartage, Inc. v. Stonewall Packaging, LLC, 727 S.E.2d 291, 299 (N.C. Ct. App. 2012) (citing Potter v. Homestead Preservation Assn., 412 S.E.2d 1, 5 (N.C. 1992)). The parties are not required to know that their actions will have the effect of creating a partnership, that a partnership has been created, or that they have become partners. Dealers Supply Co. v. Cheil Industries, Inc., 348 F. Supp. 2d 579, 588 (M.D.N.C. 2004).

There are "two indispensable elements for a partnership:

7

sharing of any actual profits and co-ownership of the business," and the "[f]ailure to plead these elements (through these factors) is fatal to any claim based on the existence of a partnership." VRX USA, LLC v. VRX Ventures, Ltd., No. 3:20CV409-GCM, 2020 WL 7229672, at *5 (W.D.N.C. Dec. 8, 2020); see Best Cartage, 727 S.E.2d at 299. Factors such as holding an association out to the public as a partnership, the contribution of capital, and state licensing may demonstrate that a partnership exists. See In re Brokers, Inc., 363 B.R. 458, 469 (Bankr. M.D.N.C. 2007) (collecting cases); Compton v. Kirby, 577 S.E.2d 905, 912-14 (N.C. Ct. App. 2003). So may the filing of partnership tax returns and the establishment of partnership bank accounts. Dealers Supply, 348 F. Supp. 2d at 588; In re Brokers, 363 B.R. at 469.

Here, Plaintiffs' proposed amended complaint does not allege any facts which demonstrate the existence of a partnership. Plaintiffs do not allege that the parties entered into an express partnership agreement, nor do they allege the "indispensable requisites for a [de facto] partnership" of co-ownership and sharing of profits. Best Cartage, 727 S.E.2d at 299 (citation omitted). Rather, Plaintiffs' proposed amended complaint merely alleges that "Zeltiq formed a partnership with Mystic to provide Coolsculpting services to members of the public." (Doc. 46-1 ¶ 18; see id. ¶ 69 ("After entering into partnership with Mystic for the sale of Coolsculpting services to the public, Defendants Zeltiq

8

and Allergan owed fiduciary duties to Mystic.").)  This conclusory allegation is insufficient to plausibly establish the existence of a partnership.  VRX USA, 2020 WL 7229672, at *5 ("Failure to plead [the two indispensable] elements . . . is fatal to any claim based on the existence of a partnership."); cf. Twombly, 550 U.S. at 555, 557 ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation[.] . . . [A] naked assertion of conspiracy . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility." (citation omitted)).  Thus, Plaintiffs' motion to amend to add a claim for breach of fiduciary duty against the Allergan Defendants based on the existence a partnership is futile.

### 2. Revised Proposed Amended Complaint

In their reply brief, ostensibly in response to the Allergan Defendants' arguments, Plaintiffs attached a "Revised Proposed Amended Complaint" (Doc. 48-1), which includes "additional allegations detailing the formation and contours of the Zeltiq-Mystic partnership." (Doc. 48 at 8-9.)  This prompted the Allergan Defendants to move for leave to file a surreply "to address the procedural impropriety of the revised amended complaint and futility of such an amendment." (Doc. 49 ¶ 9.)  Plaintiffs oppose the Allergan Defendants' motion. (Doc. 50.)

Local Rule 7.3(h) provides that "[a] reply brief is limited

9

Case 1:21-cv-00515-TDS-JLW   Document 81   Filed 08/17/22   Page 9 of 13

to discussion of matters newly raised in the response." L.R. 7.3(h); see Henry v. N.C. Acupuncture Licensing Board, No. 1:15CV831, 2017 WL 401234, at *4 (M.D.N.C. Jan. 30, 2017). Courts in this district "have consistently held that '[r]eply briefs . . . may not inject new grounds . . . [and that an] argument [that] was not contained in the main brief . . . is not before the Court.'" Tyndall v. Maynor, 288 F.R.D. 103, 108 (M.D.N.C. 2013) (quoting Triad International Maintenance Corp. v. Aim Aviation, Inc., 473 F. Supp. 2d 666, 670 n.1 (M.D.N.C. 2006)). It is improper, under Local Rule 7.3(h), to wait until a reply brief to provide support for an unsupported argument made in a party's first motion. See Jarvis v. Stewart, No. 1:04CV00642, 2005 WL 3088589, at *1 (M.D.N.C. Nov. 17, 2005). In sum, Rule 7.3(h) "exists to give the replying party a chance to rebut newly raised arguments, not to give the replying party an unfair advantage in having a chance to make new arguments that should have been raised initially." Pouncey v. Guilford County, No. 1:18CV1022, 2020 WL 1274264, at *5 (M.D.N.C. Mar. 17, 2020). Thus, because these grounds for leave to amend were advanced for the first time in a reply brief, the court need not consider Plaintiffs' "Revised Proposed Amended Complaint."

In addition, Plaintiffs' request for leave to amend contained in their reply brief is not accompanied by a motion. A "request for a court order must be made by motion," which must state the

10

grounds for seeking the order and state the relief sought. Fed. R. Civ. P. 7(b)(1). A request for further leave to amend, in the event that any part of the proposed amended complaint is dismissed, appearing at the end of a plaintiffs' reply brief supporting a motion to amend is not a proper motion for leave to amend; a court may deny the request on these grounds alone. See Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 630–31 (4th Cir. 2008). Additionally, this court's local rules require a proposed amended pleading to be attached to any motion for leave to amend a pleading. L.R. 15.1. The purpose of this rule is to avoid having cases thrust into limbo on such generalized requests that may later prove unsupported. Robinson v. Pepsi Bottling Group, No. 1:13CV729, 2014 WL 2048127, at *4 (M.D.N.C. May 19, 2014). It is within the discretion of a district court to deny a motion for leave to amend where the moving party fails to comply with Local Rule 15.1. See U.S. ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 703 (4th Cir. 2014).

Here, Plaintiffs have not made a proper motion for further leave to amend. Plaintiffs' urging that the court accept their Revised Proposed Amended Complaint "[o]ut of an abundance of caution and to conserve judicial resources" would circumvent the local rules and demonstrates the confusion that it engenders by causing the filing of yet further briefing. Thus, Plaintiffs'

11

request for leave to amend to file the "Revised Proposed Amended Complaint" through their reply brief will be denied.

Furthermore, even if the court were to consider the Revised Proposed Amended Complaint, Plaintiffs have failed to allege a plausible fiduciary duty claim. The Revised Proposed Amended Complaint does not allege either of the indispensable requisites of a partnership: a sharing of profits, and co-ownership between the parties. VRX USA, 2020 WL 7229672, at *5. Plaintiffs merely allege that the Allergan Defendants controlled the price of each CoolSculpting treatment such that they "cost approximately 50% of the price providers [like Plaintiffs] were allowed to charge patients." (Doc. 48-1 ¶ 24.) Plaintiffs conclude that it was a partnership "because Zeltiq only made money if Mystic made money from providing Coolsculpting cycles" to patients. (Id. ¶ 25.) But this merely alleges a sales campaign, devoid of any profit sharing.

The Revised Proposed Amended Complaint also does not allege any of the other factors courts have recognized as indicia of a partnership, such as contribution of capital, partnership tax returns, or a partnership bank account. Instead, Plaintiffs allege a series of general statements by the Allergan Defendants' representatives indicating they believed they were in a "partnership" with their distributors, like Plaintiffs. (See id. ¶¶ 21-39.) However, these private declarations alone cannot

12

create a partnership. VRX USA, 2020 WL 7229672, at *5. Therefore, Plaintiffs' Revised Proposed Amended Complaint would be futile.

For these reasons, Plaintiffs' motion to amend will be denied as futile, and the Allergan Defendants' motion to file a surreply will be denied as moot.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiffs' motion to amend (Doc. 46) is DENIED.

IT IS FURTHER ORDERED that the Allergan Defendants' motion for leave to file a surreply (Doc. 49) is DENIED as moot.

                                    /s/   Thomas D. Schroeder
                                    United States District Judge

August 17, 2022

13

Case 1:21-cv-00515-TDS-JLW   Document 81   Filed 08/17/22   Page 13 of 13